Davis, J.
The defendant was indicted for misconduct as an officer of election. There were two counts in the indictment. The two counts were identical except as to the name of the voter and they charged that on November 3, 1908, at an election duly authorized and held in Liberty township in Ross county in this state, for the election of national, state and county officers, the defendant, James Yause, was one of the duly appointed, qualified and acting judges of said election, and was the presiding' judge thereof; that theretofore the defendant had been duly sworn by a person authorized to administer oaths, that he would faithfully discharge the duties of judge of election in said precinct, and that- if he gained knowledge as to how an elector voted at said election, he would not disclose the same; that then and there when the polls were open for the reception of votes as required by law, a duly qualified elector, duly entitled to vote in said precinct, offered to and did vote in said precinct and presented his ballot properly folded to the defendant, the presiding judge, to be by him deposited in the ballot box; that there *213 upon the defendant unlawfully, fraudulently, knowingly and wilfully unfolded said ballot and looked at the same and saw for whom and for what persons said elector had voted and thereupon disclosed to one Joseph Vause and other persons to the grand jurors unknown, how and in what manner and for whom said elector had marked his ballot and voted, contrary to the form of the statute, etc.
The defendant demurred .to the indictment on the ground that the facts contained in each of the counts thereof do not constitute an offense punishable by the laws of this state. The court of common pleas sustained the demurrer and discharged the defendant; and the case comes to this court on a bill of exceptions by the prosecuting attorney.
Two questions are presented by these exceptions. They are: 1. What is the duty of a judge of election so far as that duty is referable to the circumstances of this case? and 2. What is the penalty, if any, prescribed for violation of that duty?
The answer to the first question involves a consideration of Sections 2966-7, 2966-37 and 2950, Revised Statutes, as they were arranged and numbered when this indictment was returned. These sections of the statutes, as we think, clearly and without ambiguity disclose the mode of depositing a ballot by the elector, its reception by the presiding officer and the duty of the latter upon receiving the ballot. The elector shall fold his ballot so as to conceal the marks thereon and deliver the same, so folded, to the presiding election officer; and the latter shall upon receipt of the ballot, pronounce with an audible voice the name *214 of the elector “and if no objection be madé as to the right of such elector to vote * * * He shall immediately put the ticket into, the box without inspecting the names written or ■printed thereon All of this is fully in accord with the policy of the original Australian ballot law (88 O. L., 449) as expressed -in its title, as follows: “An act to provide for the mode of conducting elections, to insure the secrecy of the ballot and prevent fraud and intimidation at the polls.” The provisions of Section 2966-37, Revised Statutes, are found in part in the act just now cited, and will be found verbatim in the act amendatory and supplementary thereto passed April 18, 1892. (89 O. L., 432, Sec. 22.)
We will consider in this connection the oath which is required to be administered to clerks and judges of elections (Section 2966-7, Revised Statutes), the last clause of which is as follows: “And I further solemnly swear that if, in the discharge of my official duties, I gain knowledge as to how any elector voted at said election I will not disclose the same.” It is contended for the defendant that this oath' imposes no obligation on the clerk or ■judge taking it, to keep secret the knowledge of how any elector voted if such knowledge was acquired by a violation of law; and that the oath applies only to knowledge acquired while in the performance of a duty imposed by law, for example, when a judge assists a blind or illiterate voter. Casuistry such as this seems to deserve a place beside the Devil’s quotations of Scripture, for it is remarkable as much for what it suppresses as for what it asserts. The assertion is: “No *215 where in this act is it made an offense for the judge to divulge how a person, other than a blind, illiterate or disabled voter voted. * * * There is no duty prescribed in such act for the judge to keep silent as to the manner in which any other elector voted.” But this reasoning suppresses and ignores the fact that the oath is just as obligatory on clerks of elections as upon judges, and that clerks of elections have nothing to do with blind, illiterate or disabled voters. Therefore the legislature, in prescribing the form of the oath, was not contemplating a limitation of its obligations to the duty of a judge to assist such voters. When we give effect to the expressed purpose of the act in which all of these provisions appeared originally or have been incorporated by amendment, namely, “to insure the secrecy of the ballot and prevent fraud and intimidation at the polls,” it would rather seem to be the legislative intent to impose both a legal and a moral duty, with solemn sanctions, to keep secret the knowledge of how an elector voted, however that knowledge may be acquired, during the time the officer is exercising the functions of his office, whether the knowledge be acquired legitimately or by accident or by violation of legal duty. Since the defendant insists upon the strict construction of the language of this statutory oath, it is proper to say that we do not violate precedent in our construction. In Barker v. State, 69 Ohio St., 68, Spear, J., said: “We are quite aware that the rule of law and of this court is that a statute defining an offense is not to be extended by construction to persons not within its descriptive terms, yet it is just as well settled that penal pro *216 visions are to be fairly construed according to the expressed legislative intent, and mere verbal nicety, or forced construction, is not to be resorted to in order to exonerate persons plainly within the terms of the statute.” _ And in Conrad v. State, 75 Ohio St., 52, it was held that the rule as to strict construction of penal statutes does not require the courts to go to the extent of defeating the purpose-of the statute by a severely technical application of the rule.
But is the contention of defendant correct, that there is no penalty prescribed for the violation of the duties so imposed by Section 2966-37, Revised. Statutes, and Section 2950, Revised Statutes ? The defendant calls to his aid the rule that a penal statute must be strictly construed and strenuously insists that the words “this act” in Section 2966-46, Revised Statutes, limit the operation of that section to the duties defined in the act in which it appears in its present form and that it cannot be applied to any others even though they may have become by amendment a part of the statute in which this penal section is found. This propqsition is not tenable. The penal Section 2966-46 in all of its essential features appears in the original ballot law already cited. (88 O. L., 449, Sec. 21.) It appears again, exactly as it was when the offense here charged was committed, in the act amendatory of and supplementary to the foregoing, also referred to above (89 O. L., 432). So that by the original enactment and by amendment, Sections 2966-7, 2966-37 and 2966-46, Revised Statutes, were blended into one consistent and harmonious whole.
*217 Section 2950, Revised Statutes, first appears in 50 O. L., 311, and was carried along until April 23, 1904, when, along with the sections before mentioned, it became part of the revised laws of Ohio relating to conduct of elections, by act of that date: “To revise the laws of Ohio relating to the conduct of elections * * * and to amend, repeal and supplement certain laws and sections of the Revised Statutes of Ohio herein named.” (97 O. L., 185.) Therefore, the whole contention of defendant as to these sections falls before the settled rule that the whole statute after an amendment has the same effect as if re-enacted with the amendment. McKibben v. Lester, 9 Ohio St., 628; State, ex rel., v. Cincinnati, 52 Ohio St., 419; 36 Cyc., 1164-1165.
The demurrer to the indictment ought to have been overruled; and since we hold that the acts charged are punishable under Section 2966-46, Revised Statutes, it is unnecessary to review the case ■ with reference to Section 7058, Revised Statutes.

Exceptions sustained.

Spear, - C. J., Si-iaucic, Price, Jopinson and Donahue, JJ., concur.